UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE DeJESUS RODRIQUEZ,

                Plaintiff,                    CIV S-05-1825 DFL PAN (GGH) PS

        v.

PAT MEREZ, SUPERVISOR, SAN JOAQUIN            ORDER and
COUNTY HUMAN SERVICES AGENCY, and    FINDINGS AND RECOMMENDATIONS
SAN JOAQUIN COUNTY HUMAN SERVICES
AGENCY, and DOES 3 through...,

                Defendants.

          On September 30, 2005, this court granted plaintiff's application to proceed in

forma pauperis and directed the filing and service of process of plaintiff's complaint.  The

complaint asserts civil rights violations under 42 U.S.C. § 1983, based on the Eighth and

Fourteenth Amendments, due to defendants' alleged failure to provide plaintiff "access to

medical attention and facilities" to treat his back problems.  Plaintiff, who is 34 years old, states

he is indigent, unemployed and homeless, and has no other means to obtain medical care.

          On October 17, 2005, defendants moved for dismissal or summary judgment.

The court requested supplemental briefing and set the matter for hearing on January 25, 2006.

\\\\\

1   Also pending were plaintiff's motion for appointment of counsel filed October 25, 2005, and

2   motion for preliminary injunction filed December 9, 2005.

3              All matters were submitted and stayed following the hearing January 25, 2006,

4   pursuant to order filed February 10, 2006, to permit time for the completion of plaintiff's medical

5   examination and issuance of a final administrative decision.

6              On April 19, 2006, defendants notified the court that the San Joaquin County

7   Human Services Agency (HSA) had reached a final administrative decision denying plaintiff's

8   Medi-Cal disability application.

9              Plaintiff again moved for appointment of counsel, filed April 25, 2006, and

10   and moved to compel discovery, filed May 31, 2006.

11   BACKGROUND

12              Plaintiff filed a Medi-Cal Benefits Application on December 6, 2004.  On

13   December 15, 2004, plaintiff's application was denied on the ground "you have no linkage to the

14   Medi-Cal Program," which defendants have since explained meant that plaintiff did not meet the

15   criteria for obtaining indigent-based Medi-Cal benefits.  Plaintiff completed a "Hearing Request"

16   form, alleging "[t]he denial of access to a healthplan . . . effectively denies healthcare in an

17   arbitrary and capricious manner. . ."  Plaintiff asserted in his complaint, "It has been nearly one

18   year and not even a single granting or referral to a doctor."

19              Pamala Gonzales, an Eligibility Worker III in HSA's Fair Hearings Unit, filed

20   a declaration after reviewing plaintiff's case and hearing files. Ms. Gonzalez states that plaintiff

21   entered into an "oral agreement" with Luther Harrell, Fair Hearings Unit State Hearings

22   Representative, to withdraw his State Hearing/Appeal on the denial of his Medi-Cal application

23   in exchange for the Fair Hearings Unit filing a Determination of Evaluation of Disability

24   ("DED") with the Disability Evaluation Bureau in Oakland for a Medi-Cal disability

25   determination.  The "DED packet" was mailed to the Oakland Programs Branch on January 10,

26   2005, thus commencing the evaluation of plaintiff's disability claim.  An "Amended DED

packet" was submitted September 13, 2005, providing additional information.

At the time of this court's January 25, 2006 hearing, plaintiff's DED application was still pending.  However, defendants represented they would expedite the decision-making process and plaintiff agreed to undergo a consultative medical examination and await a final administrative decision.  Plaintiff thereafter informed the court he had attended his January 31, 2006 medical examination, and defendants informed the court a decision could be expected in April 2006.  Accordingly, this action was stayed pending the decision of the administrative law judge.

On April 10, 2006, Administrative Law Judge Edwin A. Henrdix denied plaintiff's Medi-Cal disability application on the ground that plaintiff's back problems do not meet the criteria for disability and that plaintiff has demonstrated no other basis to qualify for Medi-Cal benefits.  See Decision, attachment to defendants' "Notice of Final Decision."  The decision informed plaintiff of his right to seek a rehearing within thirty days, or to seek judicial review in the Superior Court within one year pursuant to Cal. Code Civ. Proc. § 1094.5.

Defendants now renew their motion for dismissal for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or for summary judgment.

LEGAL STANDARD FOR MOTION TO DISMISS.

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true.  Church of Scientology of California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.  Parks

1  School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).  General allegations

2  are presumed to include specific facts necessary to support the claim.  NOW, 510 U.S. at 256,

3  114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130,

4  2137 (1992).

5            The court may disregard allegations contradicted by the complaint's attached

6  exhibits.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart

7  Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to

8  accept as true allegations contradicted by judicially noticed facts.  Mullis v. United States

9  Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may, however, consider matters

10  of public record, including pleadings, orders, and other papers filed with the court.  Mack v.

11  South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by

12  Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991).

13  "The court is not required to accept legal conclusions cast in the form of factual allegations if

14  those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness

15  Network, 18 F.3d 752 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

16  unwarranted deductions of fact.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th

17  Cir. 1981).

18            Pro se pleadings are held to a less stringent standard than those drafted by

19  lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972).  Unless it is

20  clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an

21  opportunity to amend the complaint before dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1127-

22  28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

23  ANALYSIS

24            Plaintiff's Eighth Amendment claim must be dismissed.  The Eighth

25  Amendment's proscription against "cruel and unusual punishments," as applied to medical care,

26  precludes only the government's deliberate indifference to the serious medical needs of

4

prisoners.  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976); West v. Atkins, 487

U.S. 42, 54, 108 S. Ct. 2250, 2258  (1988).  Plaintiff does not assert he is now or has ever been

incarcerated and nothing in the record supports such a finding.

Plaintiff's Fourteenth Amendment due process claim under  42 U.S.C. § 1983

must also be dismissed.  "To state a section 1983 claim, a plaintiff must allege facts which show

a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a

person acting under color of state law."  Lopez v. Department of Health Services, 939 F.2d 881,

883 (9th Cir. 1991).  The Due Process Clause of the Fourteenth Amendment to the United States

Constitution provides that a state shall not "deprive any person of life, liberty, or property,

without due process of law."  This due process guarantee promotes fairness in government

decision-making and protects against arbitrary government action.  Daniels v. Williams, 474 U.S.

327, 331, 106 S. Ct. 662, 665 (1986).

Significantly, "[t]he procedural component of the Due Process Clause does

not protect everything that might be described as a 'benefit:'  To have a property interest in a

benefit, a person clearly must have more than an abstract need or desire and 'more than a

unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.  Such

entitlements are . . . not created by the Constitution.  Rather, they are created and their

dimensions are defined by existing rules or understandings that stem from an independent source

such as state law. . . . [A] benefit is not a protected entitlement if government officials may grant

or deny it in their discretion."  Town of Castle Rock, Colo. v. Gonzales, 125 S. Ct. 2796, 2803

(2005) (internal quotations and citations omitted); see also, Board of Regents v. Roth, 408 U.S.

564, 576, 577, 92 S. Ct. 2701 (1972) ("The Fourteenth Amendment's procedural protection of

property is a safeguard of the security interests that a person has already acquired in specific

benefits"); Goldberg v. Kelly, 397 U.S. 254, 90 S. Ct. 1011 (1970) (constitutionally protected

property interest in welfare benefits for eligible individuals receiving such benefits).  Thus, "[t]he

Constitution imposes no obligation on the states to pay any of the medical expenses of indigent

persons . . . [but only] 'when a State decides to alleviate some of the hardships of poverty by providing medical care, the manner in which it dispenses benefits is subject to constitutional limitations,'" Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir. 1991), quoting Maher v. Roe, 432 U.S. 464, 469-70, 97 S. Ct. 2376, 2380 (1977) (other citations omitted).

Plaintiff has failed to demonstrate a constitutionally protected property interest in the medical benefits he seeks because he does not assert he meets the statutory criteria for eligibility.  Nor does plaintiff continue to claim lack of adherence to established administrative procedures.  Were he to pursue either contention, plaintiff's exclusive remedy is a petition to the superior court.

Plaintiff's broader claim is lack of access to medical care and facilities due to indigence and unemployment.  However, plaintiff does not meet the Medi-Cal criteria for indigence, nor does he offer another standard, and his assertions of unemployment at the time he filed his initial application (December 2004) is contrary to the finding of the administrative law judge that plaintiff worked full-time as recently as August 2005.[1]  To the extent plaintiff challenges the eligibility criteria for indigence and disability, the Supreme Court has upheld rational classifications necessary to the maintenance of a social welfare system,[2] and plaintiff's

_____

[1]  The April 10, 2006 administrative decision (at pp. 1-2) provides:  "The claimant testified that he was employed at the time of his 12/06/04 Medi-Cal application as a Carpenter's Assistant.  Since 7/02, he had worked 40 hours a week and had been paid $12.00 per hour.  He stopped working full time as a Carpenter's Assistant in August 2005.  Since that time he has worked intermittently as a laborer part time.  The claimant was also employed assembling and processing cardboard boxes and cardboard materials in 2004.  He worked 20 hours a week and was paid $7.00 an hour. . . .The claimant testified that he has not been able to work full time since 08/05 because of lower back pain that runs down both legs. . . . The claimant explained that he had back problems for some years but he could work full time until he injured his back again on the job in 08/05."

[2]  See, e.g., Flemming v. Nestor, 363 U.S.603, 611, 80 S. Ct. 1367, 1373 (1960) ("'Particularly when we deal with a withholding of a noncontractual benefit under a social welfare program such as (Social Security), we must recognize that the [Fifth Amendment] Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification"); Dandridge v. Williams, 397 U.S. 471,

challenges are too general to countenance further analysis.

Finally, to the extent that plaintiff asserts a substantive due process right to medical care, no constitutional provision exists which compels the government to supply plaintiff with the necessities of life.

Since plaintiff has presented no cognizable legal theory in support of his Fourteenth Amendment claim, dismissal of the complaint is warranted for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

CONCLUSION

Based on the foregoing rationale, the court hereby ORDERS the following:

1. The stay imposed in this action February 10, 2006, is RESCINDED;

2. Plaintiff's motion for preliminary injunction filed December 9, 2005 is DENIED;[3]

3. Plaintiff's requests for appointment of counsel, filed October 25, 2005 and April 25, 2006, are DENIED;[4]

---

485, 90 S. Ct. 1153, 1161 (1970) ("'In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality'").

[3] This motion was effectively denied by plaintiff's agreement fully to participate in the administrative proceedings and the court's stay of this action pending a final administrative decision. Moreover, plaintiff at no time demonstrated entitlement to injunctive relief based on the factors set forth in Harris v. Board of Supervisors, Los Angeles County, 366 F.3d 754, 759-760 (9th Cir. 2004) ((1) strong likelihood of success on the merits, (2) possibility of irreparable injury to plaintiff, (3) balance of hardships weighing in plaintiff's favor, and (4) advancement of the public interest).

[4] Plaintiff is not entitled to counsel under either statute he cites. 18 U.S.C. § 3006A(g) applies only to criminal defendants or others facing loss of liberty and is therefore inapposite. See, Lassiter v. Department of Social Services, 452 U.S. 18, 26-27, 101 S. Ct. 2153, 2159 (1981). 28 U.S.C. § 1915(e)(1) does not authorize compulsory appointments but permits a court to ask an attorney to provide pro bono representation to an indigent civil litigant in "exceptional circumstances." See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 301-307 (1989); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on

1    4.  Plaintiff's motion for discovery filed May 31, 2006 is DENIED.

2    Additionally, the court hereby RECOMMENDS that defendants' motion to

3 dismiss be granted and plaintiff's complaint be dismissed for failure to state a claim.  Fed. R.

4 Civ. P. 12(b)(6).

5    These findings and recommendations are submitted to the Honorable David F.

6 Levi, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(l).  Written

7 objections may be filed within ten days after being served with these findings and

8 recommendations.  The document should be captioned "Objections to Magistrate Judge's

9 Findings and Recommendations."  The failure to file objections within the specified time may

10 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

11 1991).

12 DATED: 6/21/06

                                              /s/ Gregory G. Hollows
13
                                              _____
14                                            GREGORY G. HOLLOWS
                                              UNITED STATES MAGISTRATE JUDGE

15 NOW6:RODRIQUEZ.F&R Dism

16

17

18

19

20

21

22

23 _____

24 the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity
   of the legal issues involved.'"  <u>Wilborn</u>, 789 F.2d at 1331 (citations and internal quotations
   omitted); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). While plaintiff's facility with
25 court procedures, legal knowledge and writing ability are sufficient to present and articulate his
   claims, he at no time demonstrated a likelihood of success on the merits, thus meeting neither
26 criteria for a finding of "exceptional circumstances" warranting appointment of counsel.