IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                              CIV S-05-1825 DFL EFB PS

    vs.

PAT MEREZ, SUPERVISOR, SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, et al.,                ORDER

    Defendants.

_____/

     This case, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).[1] Plaintiff brings this action under 42 U.S.C. § 1983, alleging, among other things, due process violations in connection with defendants' alleged failure to provide him with access to medical attention and indigent-based Medi-Cal benefits.

     In light of the district judge's order dated March 28, 2007, this court addresses two previously pending motions filed by plaintiff. The first, filed May 1, 2006, is plaintiff's "motion for discovery and inspection-issuance of subpoena duces tecum." By this motion, plaintiff seeks a court order "commanding defendants to turn over certain forensic, empirical, or quantitative

---

[1] This action was reassigned to the undersigned on August 29, 2006.

1

1  medical and statistical data . . . ."  Plaintiff lists several specific requests, including "copies of
2  San Joaquin County Practice Manuals," and "the Administrative record as used by the
3  Administrative law Judge."  Plaintiff moves the court for an order "permitting him to acquire,
4  inspect, and present to the court relevant information which the defendants have in their files as
5  provided by Federal Rules of Civil Procedure, 56(a-f)."

6  At the time plaintiff filed this discovery motion, defendants' motion to dismiss, or, in the
7  alternative, summary judgment, had been filed and taken under submission by Magistrate Judge
8  Peter A. Nowinski (Retired).  However, Judge Nowinski later stayed that motion and all other
9  matters by an order issued on February 10, 2006.[2]  Accordingly, plaintiff's motion for discovery
10 was, at the time, also subject to that stay.

11 Although the stay has since been lifted, the motion for discovery is premature given the
12 case's present posture.  Pursuant to the district judge's decision dated March 28, 2007, plaintiff
13 has plead a claim under § 1983 for an alleged violation of the Fourteenth Amendment.  In light
14 of the district judge's order, this court will issue a pretrial scheduling order to govern the
15 subsequent litigation of that claim, and that order will include guidance concerning discovery
16 and any related motions that may arise during the course of the litigation.  However, because no
17 such scheduling order is yet in place, and because discovery has not yet commenced, plaintiff's
18 discovery motion is premature.  The court therefore denies the motion without prejudice.

19 The court now turns to plaintiff's "Motion in Limine to Exclude Defendants' Claims of
20 Having Provided Due Process to Plaintiff and That They are Immune from Prosecution under 42
21 U.S.C. § 1983," filed April 14, 2006.  By this motion, plaintiff asks the court to order defendants
22 to "limit the scope of any subsequent arguments and refrain from alleging any further invocation
23 of the Eleventh Amendment to the United States Constitution."  Plaintiff cites Federal Rule of

---

[2] Judge Nowinski stayed the proceedings pending a final decision by the Administrative Law Judge on plaintiff's Medi-Cali disability application. On April 10, 2006, plaintiff's application was denied.  On June 21, 2006,  Magistrate Judge Gregory G. Hollows lifted the stay.

1 Evidence 402 in support of his request, and asserts that any such argument by defendants is
2 irrelevant.

3 Plaintiff's motion seems to be both a motion in limine in anticipation of trial, which has
4 not yet been scheduled, and a substantive opposition to defendant Patricia Meraz's previously
5 asserted defense of qualified immunity.  Neither is ripe for the court's review.  As discussed
6 above, in light of the district judge's March 28, 2007, order, the court will issue a scheduling
7 order governing subsequent litigation.  This order will include deadlines for additional
8 dispositive motions and a date for trial.  The parties may address substantive issues, such as
9 qualified immunity, in motions filed after issuance of the scheduling order.  Any such motions,
10 and/or oppositions thereto, shall be filed in accordance with the Federal Rules of Civil Procedure
11 and this court's Local Rules.  In the event that this matter proceeds to trial, the court will issue an
12 order setting the deadline for filing and opposing motions in limine.  Until such time, plaintiff's
13 motion in limine is premature and is therefore denied without prejudice.

14 In accordance with the foregoing, IT IS ORDERED that:

15 1.  Plaintiff's motion for discovery filed May 1, 2006, is denied without prejudice; and,

16 2.  Plaintiff's motion in limine filed April 14, 2006, is denied without prejudice.

17 DATED:  March 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3