IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,　　　　　　　　　　CIV S-05-1825 RRB EFB PS

    vs.

PAT MEREZ, SUPERVISOR, SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, et al.,　　　　ORDER

    Defendants.

_____/

On May 24, 2007, the undersigned ordered the parties to file status reports within thirty days from the date of service of that order.[1] Plaintiff filed a status report on May 30, 2007, and defendants filed a separate status report on June 15, 2007. Having reviewed the parties' reports, the court makes the following findings and orders. As discussed herein, the court also denies plaintiff's "motion for protective order re: examination of plaintiff," filed June 27, 2007.

////

////

---

[1] This case is proceeding on the complaint, filed September 12, 2005. On March 28, 2007, the previously assigned district judge granted defendants' motion to dismiss as to plaintiff's § 1983 claim alleging an Eighth Amendment violation, but denied defendants' motion as to plaintiff's § 1983 claim alleging a Fourteenth Amendment violation.

1

SERVICE OF PROCESS

All defendants have been served or have otherwise appeared and no further service is permitted except as provided herein, or with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENTS

In his status report, plaintiff asserts that he intends to amend the complaint to include claims for "fraudulent concealment" and "conspiracy under § 1985," and to add as defendants doctors involved with the underlying state disability proceedings. Defendants have filed an answer to the original complaint. Accordingly, plaintiff may amend the complaint only by leave of court. Fed. R. Civ. P. 15(a). Plaintiff has not moved for leave to amend the complaint. If plaintiff chooses to do so, he shall demonstrate good cause for such amendment. Fed. R. Civ. P. 16(b). Plaintiff is admonished as to the requirement that any motion to amend must be presented timely so that the parties may comply with this pretrial scheduling order.

JURISDICTION/VENUE

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by June 30, 2008. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel (and/or pro se parties)[2] are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

////

---

[2] Any reference to "counsel" in this order includes parties appearing *in propria persona*.

2

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

<u>DISCOVERY</u>

All discovery is left open, save and except that it shall be so conducted as to be *completed* by April 30, 2008. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than March 31, 2008.

Based on the foregoing, plaintiff's motion for a protective order to prevent defendants' deposition of him noticed for July 6, 2007, is denied. The only objection to the deposition asserted in plaintiff's motion (which was not properly noticed, nor timely filed, pursuant to the Local Rules) was the "untimeliness" of it. Discovery is still open and the case is proceeding consistent with the district judge's March 28, 2007, order and the undersigned's May 24, 2007, order.

EXPERT DISCLOSURE

All counsel are to designate in writing and file with the court, and serve upon all other parties, the names of all experts that they propose to tender at trial not later than January 16, 2008. An expert witness not appearing on said lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a current opinion for the purposes of the litigation.

Rule 26 experts, who may be percipient experts as well, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.[3] The Rule 26 expert may express opinions formed for the purposes of the litigation. A party designating a Rule 26 expert will be assumed to have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Fed. R. Civ. P. 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert. This

---

[3] The court is not interested in a designation of non-testifying Rule 26 experts.

4

information is due at the time of designation.  Failure to supply the required information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation.  The court will closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. The parties may conduct discovery until April 30, 2008.  Motions to compel discovery are to be noticed to be heard by March 31, 2008, as more specifically described in this order.

2. Plaintiff's "motion for protective order re: examination of plaintiff," filed June 27, 2007, is denied.

3. The parties shall disclose experts, as described herein, by January 16, 2008.

4. All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before June 30, 2008.

5. The court will schedule further pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.  Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

DATED:  June 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5