IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DEJESUS RODRIGUEZ,

    Plaintiff,                                CIV S-05-1825 RRB EFB PS

    vs.

PAT MEREZ, SUPERVISOR, SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, et al.,          ORDER

    Defendants.
_____/

    This case, in which plaintiff is proceeding pro se, was referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff brings this action under 42 U.S.C. § 1983, alleging due process violations in connection with defendants' alleged failure to provide him with access to medical attention and indigent-based Medi-Cal benefits.

    On March 28, 2007, the district judge dismissed plaintiff's claim alleging Eighth Amendment violations, and ordered that plaintiff may proceed only on his claim for violation of his Fourteenth Amendment due process rights. That order, by necessary implication, dismissed all other claims. Accordingly, plaintiff's previously filed "petition for writ of mandate" is necessarily dismissed. That claim seeks "declaratory relief commanding an inquiry as to whether he meets the statutory definition of disability thus entitling him to access to medical

1

facilities via 'Medi-Cal,' a program for the poor and disabled." Purportedly in support of the petition, plaintiff cites 42 U.S.C. § 1381, which authorizes appropriations for funding federal supplemental security income for individuals who have attained age 65 or are blind or disabled. 42 U.S.C. § 1381. This statute does not support plaintiff's request for relief. Even if it did, the request must be denied. Despite being procedurally improper, plaintiff's petition requests a substantive determination regarding his eligibility for state disability benefits. As discussed above, the only remaining issue in this action is whether defendants violated plaintiff's due process rights in determining his disability claim. Accordingly, plaintiff's petition for writ of mandate has already been dismissed by operation of the previously ruling that this action proceeds only on the due process claim.

The court now turns to plaintiff's motion to compel defendants to pay for a Rule 35 physical examination of himself. Plaintiff's motion fails to certify that he has in good faith conferred or attempted to confer with defendants regarding this discovery dispute, as required under Rule 37(a)(2)(A) and (B). Plaintiff argues that pursuant to Fed. R. Civ. P. 35, the court should order defendants to pay for a physical examination of plaintiff in order to obtain an unbiased medical opinion concerning his alleged disabilities.

Rule 35 provides, in relevant part, "[w]hen the mental or physical condition . . . of a party or of a person . . . is in controversy, the court . . . may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order may be made only on motion for good cause shown. . . ."

"One of the purposes of Rule 35 is to 'level the playing field' between parties in cases in which a party's physical or mental condition is in issue." *Ragge v. MCA/Universal*, 165 F.R.D. 605, 608 (C.D. Cal. 1995). More precisely, the rule is aimed at allowing an adverse party to evaluate a party's claims of injury, illness, incapacity, etc. *See, e.g.,* Hon. William W. Schwarzer, Hon. A. Wallace Tashima, & James M. Wagstaffe, *Federal Civil Procedure Before Trial*, § 11:2131 (2006). "Under Rule 35 the party moving for a physical or mental examination

must meet two requirements: first, the physical or mental condition of the party must be 'in controversy'; and second, 'good cause' for the examination must be established." *Ragge*, 165 F.R.D. at 608 (citing *Schlagenhauf vs. Holder*, 379 U.S. 104, 117-20 (1964)).

Here, plaintiff seeks to compel an examination of himself at defendants' expense. The rule does not contemplate such a circumstance. Further, as discussed above the underlying merits of plaintiff's state disability claim are not at issue in this case. Rather, the issue is whether or not defendants violated plaintiff's due process rights in determining his claim. Thus, even if Rule 35 contemplated the relief he seeks, he cannot show good cause for such examination because his physical condition is not in issue. Accordingly, plaintiff's motion to compel a medical examination is denied. Further, plaintiff's motion for sanctions against defendants for failing to pay for the examination, filed July 23, 2007, is also denied.

Finally, the court notes that plaintiff has filed with the court various documents concerning discovery. For example, on July 3, 2007, plaintiff filed a "motion for discovery and inspection-issuance of subpoena duces tecum," in which he asks the court for an order "permitting him to acquire, inspect and present to the court relevant information which the defendants have in their possession." Plaintiff is informed that he is not required to obtain court permission to conduct discovery. Discovery is governed by the Federal Rules of Civil Procedure. Plaintiff is further informed that neither discovery requests served on an opposing party nor that party's responses (nor his own) should be filed until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Discovery requests between the parties shall not be filed with the court unless, and until, they are at issue.

Accordingly, the discovery-related documents filed by plaintiff on July 3, 6, 16, 17 and 19, will be placed in the file and disregarded. Plaintiff is cautioned that further filing of discovery requests or responses, except as required by rule of court, may result in an order of sanctions, including, but not limited to, a recommendation that this action be dismissed.

3

1  Furthermore, plaintiff is ordered to read and comply with the Federal Rules of Civil
2 Procedure and this court's Local Rules.  In particular, plaintiff is advised to refer to Local Rule
3 78-230 regarding the procedure for noticing motions on the court's law and motion calendar.
4 Failure to comply with the Local Rules or any order of the court "may be grounds for imposition
5 by the Court of any and all sanctions authorized by statute or Rule or within the inherent power
6 of the Court." E.D. Cal. L. R. 11-110.

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's "petition for a writ of mandate" filed January 8, 2007, is denied;

2. The hearing on plaintiff's "motion for medical examination" is vacated and the motion is denied; and

3. Plaintiff's motion for sanctions, filed July 23, 2007, is denied.

DATED:   September 27, 2007.

*[signature]*

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4